In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4251

United States of America,

Plaintiff-Appellee,

v.

David Karl Danser,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP-98-161-CR-01-T/F--John D. Tinder, Judge.

Argued September 26, 2001--Decided October 25, 2001

   Before Flaum, Chief Judge, and Coffey and
Manion, Circuit Judges.

   Flaum, Chief Judge.  David Karl Danser
appeals the sentence imposed by the
district court after his trial and
conviction on three felony counts
associated with his improper sexual
conduct with his minor daughter. For the
reasons stated herein, we vacate in part
and affirm in part the sentence of the
district court.

I.  BACKGROUND

   David Karl Danser ("Danser") was tried
and convicted on three felony counts for
actions arising out of his sexual
relationship with his nine-year-old
daughter ("Karen Doe"). Count I charged
Danser with creating sexually explicit
photographs of his minor daughter and
knowingly transporting those photographs
across state lines. Count II charged
Danser with crossing a state line with
the intent to engage in a sexual act with
a child under the age of 12. Count III
charged Danser with being in possession
of three or more pieces of child
pornography.

   After the district court rendered a
guilty verdict, it ordered a pre-sentence
report prepared. On the issue of
restitution, the pre-sentence report

indicated that the government planned to seek restitution for both the past costs of Karen Doe's psychological treatments and the anticipated future costs of those treatments. The government calculated that Karen Doe should be awarded $309,270 in restitution. Of that amount, $304,200 was to be awarded to Karen Doe for the anticipated costs of future therapy./1 The pre-sentence report noted that the terms of any supervised release must run concurrently.

The sentencing hearing was held on December 7, 1999. At the hearing, Karen's therapist testified to the severe mental and physical trauma that she had sustained as a result of the abuse that Danser inflicted upon her./2 According to the therapist, Karen was functioning at an emotional level that was three to four years below her chronological age. The therapist opined that Karen would likely develop several long-term emotional problems and, given her torturous history, was not a likely candidate for adoption. Karen's other psychiatrists agreed that Karen would require long term mental healthcare, quite possibly for the rest of her life.

In composing Danser's sentence, the district court considered the government's position that Danser had a past history of sexual abuse and that he was likely to commit offenses after his release from incarceration. The district court, however, declined to depart upward on Danser's sentence and ultimately sentenced him to 370 months imprisonment./3 The district court also imposed three consecutive, three-year terms of supervised release, one for each count of Danser's conviction. Lastly, based upon the government's calculations, the district court ordered Danser to pay restitution to Karen Doe in the amount of $309,549.36. The bulk of the restitutionary award, $304,200, was comprised of the anticipated costs of Karen's future therapy.

Danser did not object to the legality of the government's request for restitution (or to the amount of that restitution) for the future costs of Karen's psychological treatment. Furthermore, Danser did not object to the terms of his supervised release.

Danser filed the instant appeal contesting the propriety of the district court's imposition of consecutive terms of supervision and those portions of the district court's restitution order which award the anticipated future costs of therapy to Karen Doe.

## II.  DISCUSSION

The parties to this appeal disagree over the standard of review to be applied in reviewing the lower court's imposition of Danser's sentence. The government argues that the sentence should be reviewed for plain error, while Danser argues that the judge's interpretation of the sentencing guidelines is subject to de novo review. Danser, however, failed to object to both the terms of his supervised release and the court's restitutionary order at his sentencing hearing. Such a failure constitutes a forfeiture and, therefore, the judge's sentence should be reviewed for plain error. See Fed. R. Crim. P. 52.

## A.  Consecutive terms of supervised release

The government and the defendant both state that the district court committed plain error in imposing consecutive terms of supervised release as a component of Danser's sentence. We agree. A term of supervised release begins on the day an individual is released from incarceration. 18 U.S.C. sec. 3624(e). The term of any supervised release "runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject during the supervised release." Id. The Sentencing Guidelines also provide that, in the event an individual has served consecutive terms of imprisonment, the terms of supervised release are "to run concurrently with any other term of supervised release imposed." USSG sec. 5G1.2, comment (1998). The district court did not heed the above language.

Like our sister circuits who have dealt with this issue, we find that section 3624(e) and the Sentencing Guidelines do not permit sentencing courts to impose consecutive terms of supervised release. See, e.g., United States v. Alvarado, 201 F.3d 379, 382 (5th Cir. 2000); United States v. Bailey, 76 F.3d 320, 323-24

(10th Cir. 1996); United States v. Sanders, 67 F.3d 855, 856 (9th Cir. 1995). Accordingly, we vacate the portion of the district court's sentence that imposes consecutive terms of supervised release.

Although the government cedes that the district court committed plain error in imposing consecutive terms of supervised release, it argues that the district court should be allowed to "repackage" Danser's sentence and impose a lengthier period of incarceration. According to the government, the district court fashioned the lengthy supervision portion of Danser's sentence with the intent that Danser be prevented from threatening children for nine years after he has left the penitentiary. The government further contends that the district court's sentencing aim has been frustrated by our finding of plain error on the issue of consecutive terms of supervised release. Therefore, on remand, in order to give full effect to the district court's intentions, we should allow the district court to add years to Danser's sentence, to prevent Danser from becoming unsupervised sooner than the district court had intended.

We do not agree. In a case wholly absent of mitigating factors, the district court sentenced Danser to 370 months in the penitentiary. The district court could have sentenced Danser to additional prison time, but chose not to do so. Given the facts of this case, we cannot infer that the district court's intent was for Danser to remain incarcerated for additional time above and beyond the sentence imposed. Instead, it appears that the district court sought to impose an additional component to Danser's sentence (the consecutive terms of supervised release), which was impermissible. Therefore, allowing the district court to sentence Danser to more time would not further a permissible sentencing intent. Accordingly, the district court cannot repackage Danser's sentence to include more prison time.

B. Restitution Order

Danser also appeals the district court's award of anticipated future costs of therapy to Karen Doe./4 According to Danser, section 2259, which provides for

compensation for "losses suffered by the victim," does not provide for an award of anticipated future costs. 18 U.S.C. sec. 2259(b)(3)(F). In making this argument, Danser relies heavily upon the statute's use of the past tense in describing costs for "losses suffered." Id. (emphasis added).

Whether a victim may be compensated for the anticipated future costs of psychological treatment under section 2259 is a question of first impression in this circuit. Our sister circuits, in deciding this question, have determined that such awards are permissible. See United States v. Julian, 242 F.3d 1245, 1247 (10th Cir. 2001); United States v. Laney, 189 F.3d 954 (9th Cir. 1999). Danser argues that those courts have decided the issue incorrectly and, instead, victims of abuse should be required to petition courts to recover the costs of treatment as those costs are incurred.

We do not believe that Congress sought to create such a cumbersome procedure for victims to receive restitution. In enacting section 2259, it is clear that Congress intended to provide victims of sexual abuse with expansive relief for "the full amount of . . . [their] losses" suffered as a result of abuse. sec. 2259(b)(3)(B) (emphasis added). Congress chose unambiguously to use unqualified language in prescribing full restitution for victims. Indeed, in the legislative history of the contested statute, Congress cites the United States Supreme Court's landmark decision in New York v. Ferber, 458 U.S. 747 (1982). In that case, the Court discussed, at great length, the devastating and long term effects that the sexual exploitation of children can have both upon the victims of that abuse and greater society. Id. In light of Congress's intent to make whole those victims of sexual exploitation, we find that section 2259 allows for restitutionary damages for the future costs of therapy./5

Lastly, Danser contends that, even if future costs are found to be recoverable under section 2259, the award in this case must be reversed because the amount of the award was not determined within a degree of reasonable certainty. In particular, Danser claims there is

insufficient evidence to establish that Karen Doe will require a lifetime ofcounseling and that the costs associated with that counseling are unascertainable. The district court did, however, conduct a hearing which concerned, inter alia, the victim's need for long term counseling. Furthermore, the district court also used the figures proffered by Karen Doe's treating psychologist to determine the costs of future counseling./6 Based upon these facts, we cannot conclude that the district court committed plain error in awarding Karen Doe the restitutionary figure.

III. CONCLUSION

For the foregoing reasons, we Vacate in part and Affirm in part the sentence of the district court.

FOOTNOTES

/1 In support of an award of this figure, the government, through a licensed actuary, determined that Karen Doe's life should last an additional 75 years. The government then multiplied the present costs of Karen's weekly sessions ($78 per session) by her actuarially determined life expectancy to come up with $304,200.

/2 At one point during the hearing, Karen's therapist testified that Karen was the most severe case that she had seen in her three years at the particular facility where Karen lived. Karen, who was adopted by Danser and his wife, has no other living relatives.

/3 At the sentencing hearing, the district court noted that the sentencing guidelines provided for a sentence between 324 to 405 months.

/4 The award of future costs was made pursuant to 18 U.S.C. sec. 2259 (1996).

/5 In reaching this conclusion, we are mindful of the inherent uncertainties attendant upon an award of prospective damages. See, e.g., United States v. Fountain, 768 F.2d 790, 801-02 (7th Cir. 1985) (expressing disapproval of an award of future earnings as a part of a criminal sentence). However, the type of restitution that section 2259 provides is not similar to an award of future earnings. The restitution described in Fountain is for losses of wages that have yet to be earned. In the present case, the loss sustained by Karen (namely, her mental trauma) has been incurred and will continue to manifest itself for years. This difference regarding the

speculative nature of the respective awards and the strong Congressional intent behind section 2259, provide the crucial distinction between the instant case and Fountain.

/6 The district court simply multiplied the present value of Karen Doe's therapy by the necessary number of years to determine her future therapy costs. The district court did not take into account that the costs of therapy might well (and, indeed most probably will) increase with time. In this respect, the dangers associated with projecting costs were certainly diminished.