In re: AMY, the Victim in the Misty Child Pornography Series, Petitioner.

No. 09–41238.

United States Court of Appeals, Fifth Circuit.

Dec. 21, 2009.

As Revised Dec. 22, 2009.

James R. Marsh, Marsh Law Firm, White Plains, NY, for Amy.

Fred Rimes Files, Jr., Bain, Files, Jarrett, Bain & Harrison, Tyler, TX, for Paroline.

William D. Baldwin, Amanda Louise Griffith, Traci Lynne Kenner, Asst. U.S. Attys., Tyler, TX, for U.S.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

1. *See* 2009 WL 4572786.

W. EUGENE DAVIS, Circuit Judge:

Petitioner, proceeding under the pseudonym "Amy," seeks a writ of mandamus directing the district court to enter an order requiring defendant Doyle Randall Paroline ("Paroline") to pay victim restitution to her in the amount of $3,367,854. Alternatively, petitioner asks us to remand this case to the district court for reconsideration of its order declining to impose restitution against Paroline. Because the district court's conclusion[1] that the government failed to establish that any of the defendant's conduct related to this offense proximately caused Amy's damages is not indisputably wrong, we DENY the writ of mandamus.

■ The standard of review is the usual standard for mandamus petitions, as set forth in *In re Dean,* 527 F.3d 391 (5th Cir.2008). "A writ of mandamus may issue only if (1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable;' and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is 'appropriate under the circumstances.'" *Id.* at 394 (quoting *In Re United States,* 397 F.3d 274, 282 (5th Cir.2005)).

■ In this case, the first requirement is fulfilled because the petitioner likely has no other means for obtaining review of the district court's decision not to order restitution. *See United States v. Hunter,* 548 F.3d 1308, 1311–16 (10th Cir.2008) (holding that a victim may not bring an appeal from a final judgment in a criminal case asserting that her rights under § 3771 were violated). However, we are not persuaded that the second requirement is met.

Approximately a decade ago, when petitioner was 8 or 9 years old, her uncle took a series of photographs depicting her in sexually abusive poses. Her uncle distributed the sexually abusive images to third parties and, over the ensuing decade, those images were distributed widely via the internet and other electronic means. Defendant Doyle Randall Paroline ("Paroline") pleaded guilty to a single count of possessing material involving the sexual exploitation of children in violation 18 U.S.C. §§ 2252(a)(4)(B) & 2252(b)(2), stemming from the large number of images of children engaged in sexually explicit conduct that were found on Paroline's computer. Two of the sexually abusive images were those made of Petitioner when she was 8 or 9 years old.

The Government moved in the district court on petitioner's behalf, and petitioner moved through her own counsel, for restitution pursuant to 18 U.S.C. § 2259. The statute provides that the district court "shall order restitution for any offense under this chapter," which includes the offenses for which Paroline was convicted. 18 U.S.C. § 2259(a). "The order of restitution under this chapter shall direct the defendant to pay the victim ... the full amount of the victim's losses as determined by the court." *Id.* § 2259(b)(1). A "victim" for purposes of the statute "means the individual harmed as a result of a commission of a crime under this chapter." *Id.* § 2259(c). "The full amount of the victim's losses," for purposes of the statute, "includes any costs incurred by the victim for—

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense."

*Id.* § 2259(b)(3).

Section 2259(b)(3) therefore arguably requires the government to establish that recoverable damages must proximately result from the "offense".

We agree with the district court that

[I]f the Court were to adopt Amy's reading of section 2259 and find that there is no proximate cause requirement in the statute, a restitution order could hold an individual liable for a greater amount of losses than those caused by his particular offense of conviction. This interpretation would be plainly inconsistent with how the principles of restitution and causation have historically been applied.

■ The crux of Amy's petition is the legal argument that 18 U.S.C. § 2259 permits a victim to receive mandatory restitution irrespective of whether the victim's harm was proximately cause by the defendant. The government agreed with the district court that Section 2259 requires a showing of proximate cause between the victim's losses and the defendant's conduct. Courts across the country have followed and applied the proximate-cause requirement in imposing restitution under Section 2259. *United States v. Crandon,* 173 F.3d 122, 126 (3d Cir.1999); *United States v. Searle,* 65 Fed.Appx. 343, 346 (2d Cir.2003); *United States v. Doe,* 488 F.3d 1154, 1160 (9th Cir.2007); *United States v. Estep,* 378 F.Supp.2d 763, 770–72 (E.D.Ky. 2005); *United States v. Raplinger,* No. 05–CR–49–LRR, 2007 WL 3285802, *2, *6 (N.D.Iowa Oct. 9, 2007). Although this circuit has not yet construed the proximate cause requirement under Section 2259, it is neither clear nor indisputable that Amy's

contentions regarding the statute are correct.[2]

The district court permitted extensive briefing and conducted two evidentiary hearings on the issue of restitution, giving Amy a full opportunity to be heard through her able representative. The court's Memorandum Opinion and Order reflects careful and thoughtful consideration of the law and the facts, as well as sensitivity to Amy and other victims of child pornography. Despite the government's contrary position to the court's ultimate factual finding on proximate causation, the district court did not "so clearly and indisputably abuse[ ] its discretion as to compel prompt intervention by the appellate court." *In re United States*, 397 F.3d 274, 282 (5th Cir.2005).

We, therefore, DENY the petition for writ of mandamus.

DENNIS, Circuit Judge, dissenting:

I respectfully dissent. Congress emphasized in 18 U.S.C. § 2259 that it is mandatory for a court to issue a restitution order in favor of a victim who was caused harm by child pornography. The district court's decision not to order restitution contravenes the text of § 2259 and congressional intent; it amounts to a clear and indisputable error that should be corrected by a writ of mandamus.

The standard of review in this case is stated in *In re Dean*, 527 F.3d 391 (5th Cir.2008). "A writ of mandamus may issue only if (1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable;' and (3) the issuing court, in the exercise of its discretion, is

satisfied that the writ is 'appropriate under the circumstances.'" *Id.* at 394 (quoting *In Re United States*, 397 F.3d 274, 282 (5th Cir.2005)).

The first requirement is fulfilled for the reasons stated in the majority opinion. The third requirement is fulfilled because a mandamus petition is the means Congress has provided to enable crime victims to defend their rights in criminal proceedings, *see* 18 U.S.C. § 3771(d)(3), and because there are no prudential reasons for denying the petition under the current circumstances, as there were in *In re Dean*. And, for the reasons set forth below, the second requirement is fulfilled because it is clear and indisputable that the district court's decision contravened 18 U.S.C. § 2259.

Congress provided in § 2259(a) that the district court "shall order restitution for any offense under this chapter," including Paroline's offenses. "The order of restitution under this chapter shall direct the defendant to pay the victim ... the full amount of the victim's losses as determined by the court." *Id.* § 2259(b)(1). A "victim" is defined as "the individual harmed as a result of a commission of a crime under this chapter." *Id.* § 2259(c). "The full amount of the victim's losses," for purposes of the statute, "includes any costs incurred by the victim for—

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

---

2. The district court has wide discretion and flexibility in determining the victim's damages for purposes of entering its restitution order.

Denial of relief under this mandamus standard, of course, does not prejudice Amy's right to seek relief in a civil action.

(F) any other losses suffered by the victim as a proximate result of the offense." *Id.* § 2259(b)(3). In enacting § 2259, "Congress mandated broad restitution for a minor victim following an offender's conviction of federal child sexual exploitation and abuse offenses." *United States v. Crandon,* 173 F.3d 122 (3d Cir.1999). "Section 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Laney,* 189 F.3d 954, 966 (9th Cir.1999).

In the district court, the Government and petitioner presented evidence that she is a "victim" of Paroline's offense because she suffered an invasion of privacy and emotional and psychological harm as a result of Paroline's acquisition and possession of her sexually abusive childhood images. The district court found that she and the Government had satisfactorily proved these facts and that petitioner was therefore a "victim" for purposes of § 2259. This finding was consistent with the Supreme Court's view of the harm caused by child pornography. In *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the Supreme Court held that the distribution of child pornography is not entitled to protection under the First Amendment. *Id.* at 764, 102 S.Ct. 3348. In so holding, the Supreme Court concluded that "[t]he use of children as subjects of pornographic materials is very harmful to both children and the society as a whole," and "the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* at 759, 102 S.Ct. 3348. We have extended the reasoning of *Ferber* to the

possession of child pornography, concluding for sentencing purposes that "children depicted in child pornography may be considered victims of the crime of receiving child pornography." *United States v. Norris,* 159 F.3d 926, 929 (5th Cir.1998).[1] As we explained in *Norris,* those who possess child pornography harm the children depicted because doing so: (1) "perpetuates the abuse initiated by the producer of the materials"; (2) "represents an invasion of the privacy of the child depicted"; and (3) " instigates the original production of child pornography by providing an economic motive for creating and distributing the materials." *Id.* at 929–30.

The district court therefore found that "significant losses are attributable to the widespread dissemination and availability of [petitioner's] images and the possession of those images by many individuals *such as Paroline.*" Slip op. at 16 (emphasis added). The district court further found, "[t]here is no doubt that everyone involved with child pornography—from the abusers and producers to the end-users and possessors—contribute to [petitioner's] ongoing harm." *Id.* These findings necessarily require the conclusion that the Government and petitioner established that she has suffered losses proximately caused by Paroline's wrongful conduct.

But the district court nonetheless concluded that petitioner and the government had failed to prove that her losses were proximately caused by Paroline's crime because her losses were also contributed to by innumerable other persons who had acquired and possessed the same abusive child pornography of her. This was clear error. Petitioner, as the district court's findings establish, is entitled to restitution under § 2259: petitioner has suffered loss-

---

1. Specifically at issue in *Norris* was whether the child depicted in a pornographic image may be considered a "victim" for purposes of

applying the Sentencing Guidelines' offense grouping provisions. *See Norris,* 159 F.3d at 928–29.

es attributable, at least in part, to the defendant's possession of pornographic images. Based on these findings, the statute required the district court to calculate a dollar amount and impose restitution. Her right to restitution is not barred merely because the precise amount she is owed by Paroline is difficult to determine. Congress enacted § 2259 to provide broad restitution rights for victims who, like petitioner, have been harmed by the commission of child exploitation offenses, including possession of these sexually abusive images. Congress intended to afford child victims ample and generous protection and restitution, not to invite judge-made limitations patently at odds with the purpose of the legislation. Under the district court's analysis, the intent and purposes of § 2259 would be impermissibility nullified because the problem of allocating restitution present here will be found in virtually *every* case where a child depicted in electronically disseminated pornography seeks restitution from those who unlawfully possess those images.

Section 2259 does "not impose[ ] a requirement of causation approaching mathematical precision." *United States v. Doe,* 488 F.3d 1154, 1160 (9th Cir.2007). Thus, a district court does not abuse its discretion in ordering restitution under § 2259 so long as its award is a reasonable estimate and is not based on an "arbitrary calculation." *See United States v. Laney,* 189 F.3d 954, 967 n. 14 (9th Cir.1999). The Seventh Circuit has noted that the strong congressional intent underlying § 2259 may justify a relaxation of the usual bar against speculative future losses, depending on the type of loss claimed by the victim of child exploitation crimes. *See United States v. Danser,* 270 F.3d 451, 455–56 & n. 5 (7th Cir.2001). Accordingly, in light of the strong Congressional intent and purposes of § 2259, and its unequivocal language, an appellate court should affirm the district court's restitution award "under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of the victim's loss with some reasonable certainty." *Doe,* 488 F.3d at 1160.

It is also worth noting two statutory provisions that could have aided the district court in calculating restitution. Congress, recognizing the difficulty that victims such as petitioner face in showing the amount of their losses, has assigned a conclusive damages award in civil suits brought under the same Act creating the right to mandatory restitution for this offense. *See* 18 U.S.C. § 2255(a) ("Any person who, while a minor, was a victim of a violation of section ... 2252 ... and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value."). In addition, § 2259(d)(2) provides:

> Multiple crime victims—In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 2259(d)(2). Although this subsection literally applies only to cases involving multiple crime victims, it also analogically expresses legislative intent as to how the district court should proceed to fashion a reasonable procedure to effectuate the chapter when the number of offenders involved in the violation of the

victim's rights makes it impracticable to accord her all of those rights.

For these reasons, I would vacate the district court's order denying the request for restitution and remand the case to the district court with instructions to reopen and reconsider the petitioner's request consistently with § 2259's broad and generous provisions mandating restitution for all victims harmed by child pornography.