NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2013[*]
Decided April 11, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-2298 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 11 CR 120 |
| *v.* | |
| JOSEPH FAULKNER, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Joseph Faulkner was charged with four drug offenses stemming from his activities trafficking in heroin in Chicago. He entered into an agreement with the government to plead guilty to two counts of violating 21 U.S.C. § 843(b), which prohibits the use of any communication facility—here, a cell phone—in committing or facilitating the commission of

---

[*] This case was originally scheduled for oral argument on April 2, 2013. Because the government confessed error on the sole issue on appeal, we concluded that oral argument is unnecessary and cancelled it. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

any of an enumerated list of felonies—here, distributing a controlled substance in violation of 21 U.S.C. 841(a)(1).  As part of the agreement, Faulkner agreed to waive his right to challenge his conviction and sentence on appeal.  The district court accepted the guilty pleas and sentenced Faulkner to consecutive prison terms of 45 months on the first count and 46 months on the second count, for a total of 91 months.  The court also imposed consecutive one-year terms of supervised release for each count.  Finally, the court required Faulkner to pay a $200 assessment and to repay $17,800 in "buy money" that he received during the government's investigation of him.

Faulkner appeals the district court's imposition of consecutive terms of supervised release.  Federal law provides that a term of supervised release "runs concurrently with any Federal, State, or local term of . . . supervised release . . . for another offense to which the person is subject."  18 U.S.C. § 3624(e).  As the government concedes, this statute prevents the court from imposing consecutive terms of supervised release.  *See United States v. Danser*, 270 F.3d 451, 454 (7th Cir. 2001).  The government also concedes that Faulkner didn't bargain away his right to challenge the consecutive terms of supervised release on appeal because his plea agreement doesn't preclude him from challenging a sentence exceeding the applicable statutory maximum.  An agreement purporting to prevent Faulkner from doing so would be ineffective anyway; a sentence in excess of the statutory maximum can be challenged on appeal "even if the defendant executed a blanket waiver of his appeal rights." *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Accordingly, we accept the government's confession of error and agree with the parties that the imposition of consecutive, rather than concurrent, terms of supervised release constitutes reversible error under any standard of review.  We therefore **VACATE** the sentence and **REMAND** to the district court with instructions to enter a new judgment correcting the error.