**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

RICHARD JOHN BAXTER,

　　　　　Defendant - Appellant.

No. 09-30364

D.C. No. 1:07-cr-00165-JDS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted August 30, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Richard John Baxter appeals his 210-month sentence for the federal offense

of receipt of child pornography, 18 U.S.C. § 2252A(a)(2), arguing that the district

court imposed an unreasonably long sentence without providing sufficient

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

explanation. Baxter also appeals an order to pay $3,000 in restitution to "Vicky," one of the known children in his child pornography collection.

## I.

The sentencing judge is required to state "in open court the reasons for [the] imposition of the particular sentence." 18 U.S.C. § 3553(c). To meet this requirement, the judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority. Nonetheless, when a judge decides simply to apply the Guidelines in a particular case, doing so will not necessarily require a lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007) (internal citation omitted).

Here, the district court reviewed the presentence report and the parties' submissions, listened to the parties' arguments at the sentencing hearing, and considered their positions. At sentencing, the district court articulated reasons for Baxter's sentence and directly referenced at least one of the § 3553(a) factors. It also concluded that the 210-month sentence was generally consistent with sentences handed down by other courts in the district of Montana. The district court did not abuse its discretion by not expressly addressing every point raised by the parties. See United States v. Carter, 560 F.3d 1107, 1119 (9th Cir. 2009).

Contrary to Baxter's contention, the record contains sufficient evidence for us to review "whether the [district] court mistakenly believed that . . . the terms of incarceration were mandated to be consecutive." The sentencing memoranda and transcript make clear that the district court was presented Baxter's argument in favor of concurrent sentencing, and the government's argument in favor of consecutive sentencing. Taken in conjunction with the district court's statements at sentencing, we conclude that the district court knew it could award a concurrent sentence but chose to do otherwise. The district court did not abuse its discretion in sentencing Baxter to the maximum within-Guidelines sentence of 210 months.

## II.

When a defendant is convicted of receipt of child pornography, 18 U.S.C. § 2252A(a)(2), the district court is required to order restitution payable to the victim(s) by the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259. The government has the burden of demonstrating by a preponderance of the evidence the amount of the victim's loss, 18 U.S.C. § 3664(e), and the court may, in its discretion, apportion liability among defendants where more than one defendant contributed to the loss of the victim. Id. § 3664(h).

Vicky is a victim of Baxter's crime. See New York v. Ferber, 458 U.S. 747, 759 (1982) (explaining that "the materials produced [in child pornography] are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"). Baxter's argument that the record contains no causal link between Vicky's losses and his actions is not supported by the record. The United States met its burden of establishing proximate cause by showing how Vicky's harm was generally foreseeable to casual users of child pornography like Baxter.

In a civil suit against Baxter, Vicky's actual damages would be presumed to be at least $150,000, and the government has articulated approximately $128,000 in counseling costs that Vicky faces as she works to repair the damage done by the continued possession of images depicting her abuse. The parties fully briefed the reasons for granting and denying the order of restitution. In particular, the government requested a restitution order in the amount of $3,000, articulating its recommendation by comparing it to the number of therapy sessions Vicky is estimated to need in the coming years and their cost, and recommending that $3,000 would cover 18 sessions, or one and one-half years of therapy, at one session per month—an amount that the government suggested "seems to be more

than fair and reasonable" for Baxter to pay. We agree. There is sufficient context to support the district court's order granting restitution in the amount of $3,000.

**AFFIRMED**.