**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2013

Lyle W. Cayce
Clerk

No. 11-20902

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM GEORGE GAMMON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-340

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant William George Gammon pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Pursuant to 18 U.S.C. § 2259, the district court ordered restitution in the amount of $125,000 to each of three victims. On appeal, Gammon argues that the district court committed legal error by ordering restitution without finding that he directly or proximately caused the victims' harm or loss. Gammon also argues that the district court abused its discretion by insufficiently explaining

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20902

the reasons for the restitution amount and failing to state whether it was holding him jointly and severally liable. Because Gammon's arguments are precluded by our recent en banc decision in *In re Amy Unknown*, 701 F.3d 749 (5th Cir. 2012) (en banc), we affirm the district court's restitution order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2008, the Bureau of Immigration and Customs Enforcement Cyber Crimes Center ("ICE") commenced an investigation into "DreamZone CP"—a commercial website that provided access to child pornography for a fee. The investigation revealed information on persons who had subscribed to the child pornography service. ICE agents determined that defendant William George Gammon ("Gammon") had subscribed to the DreamZone CP child pornography service, and received images and videos of child pornography via the website in November 2008 and February 2009. Based on this information, agents executed a search warrant on Gammon's residence. A forensic examination of computer equipment seized from the residence revealed approximately 9,271 images and 101 videos of child pornography.

On May 26, 2010, a grand jury returned an indictment charging Gammon with one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Gammon pleaded guilty on May 23, 2011. The presentence investigation report calculated Gammon's total offense level to be 29 with a Criminal History Category of I, resulting in a Guidelines calculation of 87 to 108 months' imprisonment. Three victims—"Misty," "Vicky," and "Jan-Feb," images of whom were found in Gammon's possession—requested restitution in excess of $3,000,000.

On December 5, 2011, the district court imposed sentence. The court departed downward from the Guidelines and imposed a sentence of 48 months'

No. 11-20902

imprisonment and restitution in the amount of $375,000 ($125,000 to each of the three victims who requested restitution) based on its estimate of the victims' counseling costs for ten years.[1]

Gammon timely appealed the court's restitution order. On July 25, 2012, the government moved to suspend briefing pending this court's en banc decision in *Amy Unknown*, 701 F.3d 749. Although that motion was denied, we subsequently ordered the parties to submit supplemental briefs addressing that decision.

## II. STANDARD OF REVIEW

We review the legality of restitution orders de novo. *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008). If a restitution award is legally permitted, the restitution amount is reviewed for an abuse of discretion. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).

## III. DISCUSSION

Gammon raises two issues on appeal. Each implicates and is foreclosed by our decision in *Amy Unknown*, 701 F.3d 749. First, Gammon argues that the district court erred in ordering restitution under 18 U.S.C. § 2259 without first finding that Gammon's conduct was the direct or proximate cause of the victims' claimed losses. Second, Gammon contends that the district court abused its discretion by failing to explain its reasons for imposing the restitution amount, as well as by not stating whether he was jointly and severally liable for the victims' losses. We address each argument below.

### A. Direct or Proximate Cause

In *Amy Unknown* we set out a two-step framework for awarding restitution under § 2259. 701 F.3d at 772–73. "First, the district court must determine whether a person seeking restitution is a crime victim under

---

[1] The restitution order clarified that the district court was awarding $124,000 to each victim, and $1,000 in attorneys' fees for each victim.

No. 11-20902

§ 2259—that is, 'the individual harmed as a result of a commission of a crime under this chapter.'" *Id.* at 773 (quoting 18 U.S.C. § 2259(c)). "Second, the district court must ascertain the full amount of the victim's losses as defined under § 2259(b)(3)(A)-(F), limiting only § 2259(b)(3)(F) by the proximate result language contained in that subsection . . . ." *Id.*

Gammon does not dispute that Misty, Vicky, and Jan-Feb are "crime victim[s]" under § 2259(c). 18 U.S.C. § 2259(c). He argues only that, before imposing restitution, the district court was required to find that he was a direct or proximate cause of the victims' losses. Section 2259(b) provides that "[t]he order of restitution under this section shall direct the defendant to pay the victim . . . the full amount of the victim's losses as determined by the court." *Id.* § 2259(b)(1).

> [T]he term "full amount of the victim's losses" includes any costs incurred by the victim for–
> (A)  medical services relating to physical, psychiatric, or psychological care;
> (B)  physical and occupational therapy or rehabilitation;
> (C)  necessary transportation, temporary housing, and child care expenses;
> (D)  lost income;
> (E)  attorneys' fees, as well as other costs incurred; and
> (F)  any other losses suffered by the victim as a proximate result of the offense.

*Id.* § 2259(b)(3).

We have held that "§ 2259 imposes no generalized proximate cause requirement before a child pornography victim may recover restitution from a defendant possessing images of her abuse." *Amy Unknown*, 701 F.3d at 774. Accordingly, although the district did not determine that Gammon's conduct was the direct or proximate cause of the victims' injury, this was not legal error. The district court only was required to make a finding of proximate cause if the victims' restitution request did not fall under § 2259(b)(3)(A)-(E), but instead

exclusively fell under § 2259(b)(3)(F)—"other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(3). But here, the district court ordered restitution for therapy expenses and legal fees, which respectively fall under § 2259(b)(3)(A) and (E).

Gammon's contention that the district court committed legal error by ordering restitution without first finding that his conduct was a direct or proximate cause of the victims' losses thus is without merit.

## B.     Restitution Amount

Gammon's argument that the district court abused its discretion by failing to explain how it arrived at the restitution amount, and by not stating whether Gammon was jointly and severally liable, borrows heavily from our decision in *United States v. Wright*, 639 F.3d 679 (5th Cir. 2011), *withdrawn and superseded by Amy Unknown*, 701 F.3d 749.

In *Wright*, a defendant convicted of possessing child pornography appealed a district court's restitution order, arguing "that the restitution order exceed[ed] the amount of [the victim's] losses that his offense caused." *Id.* at 681. We held that "the district court's failure to give a reasoned analysis of how it arrived at its award in a manner that allows for effective appellate review requires that we vacate the order and remand for reconsideration." *Id.* at 686. We rejected the government's suggestion that we affirm the case based on a theory of joint and several liability "because it [was] unclear if the district court intended the order to be joint and several." *Id.* at 685. We further noted that "the district court's award of restitution for the victim's counseling costs and not for other losses belies the government's argument that the district court intended to hold [the defendant] jointly and severally liable . . . for all of [the victim's] losses." *Id.*

Nevertheless, on en banc rehearing, we affirmed the district court's restitution order. *Amy Unknown*, 701 F.3d at 774. We acknowledged that "[t]he district court did not explain why [the defendant] should not be required to pay

for any of the other losses [the victim] requested." *Id.* However, because the government did not appeal the sentence and the victim did not seek mandamus relief, we held that the sentence had to be affirmed. *Id.* (citing *Greenlaw v. United States*, 554 U.S. 237, 246 (2008)).

Elsewhere in our decision, we addressed the issue of joint and several liability and observed that "[a]ny concern that individual defendants may bear a greater restitutionary burden than others convicted of possessing the same victim's images . . . does not implicate the Eighth Amendment or threaten to create an absurd result." *Id.* at 772. This was because "[r]estitution is not tied to the defendant's gain; rather 'so long as the government proved that the victim suffered the actual loss that the defendant has been ordered to pay, the restitution is proportional.'" *Id.* (quoting *Arledge*, 553 F.3d at 899). "Thus, the fact that some defendants will be held jointly and severally liable for the full amount of [a victim's] losses, while other defendants convicted of possessing [a victim's] images may not be . . . does not offend the Eighth Amendment." *Id.*

Gammon contends that the district court abused its discretion by not adequately explaining the restitution award. He does not explicitly argue that the award was too high, merely that the district court was confused "as to the basis and amount of restitution." We agree with Gammon that the district court should have explained in somewhat more detail the basis for its award. However, the district court awarded restitution based on the estimated cost of ten years' counseling and the victims' legal fees. This is comparable to the district court's restitution award in *United States v. Wright*, No. 09-CR-103 (E.D. La. Dec. 16, 2009), which awarded restitution for the victim's estimated future counseling costs and expert witness fees, and which we affirmed in *Amy*

*Unknown*, 701 F.3d at 774. Accordingly, the district court's explanation was adequate.[2]

Nor does the district court's failure expressly to state that it was holding Gammon jointly and severally liable for the $375,000 restitution award require vacatur.[3] Having found that a district court's decision to impose joint and several liability on some defendants, but not others, does not violate the Eighth Amendment, we also conclude that doing so does not constitute an abuse of discretion. Although in *Amy Unknown* we instructed that a district court must "ascertain the full amount of the victim's losses . . ., and craft an order guided by the mechanisms described in [18 U.S.C.] § 3664, with a particular focus on its mechanism for joint and several liability," this does not mean that we will remand every case in which a district court fails to state whether a defendant is jointly and severally liable. 701 F.3d at 773. Notably, we affirmed the district court's decision in *Wright*, No. 09-CR-103, despite that court not having expressly held the defendant jointly and severally liable. *See Amy Unknown*, 701 F.3d at 752, 754.

Accordingly, we find *Amy Unknown*'s disposition of *Wright*, No. 09-CR-103, controlling. The district court's explanation of why it was awarding $375,000 was adequate. Further, the district court did not abuse its discretion by failing to clarify whether Gammon was jointly and severally liable. The district court did not state that Gammon was jointly and severally liable for the victims' total

---

[2] Previously, we have held that a district court abuses its discretion where it fails to explain why it is not awarding the full amount of restitution requested. *See Amy Unknown*, 701 F.3d at 774. However, as the government concedes, it has not appealed the district court's restitution order and the victims have not sought mandamus relief, and thus this does not constitute a basis for vacatur. *See id.* (citing *Greenlaw*, 554 U.S at 246).

[3] Gammon appears to believe that, absent clarification, he might be held jointly and severally liable for restitution in excess of $3 million—the amount the victims originally requested. In light of our decision to affirm the $375,000 restitution award, Gammon's concerns are unfounded.

No. 11-20902

losses, and Gammon's liability therefore is limited to the $375,000 restitution award.[4]

## IV. CONCLUSION

For the aforementioned reasons, the district court's restitution order is AFFIRMED.

---

[4] Of course, should a time come when the victims have been fully compensated, Gammon could seek to suspend further restitution payments pursuant to 18 U.S.C. § 3664(k). *See Amy Unknown*, 701 F.3d at 770 (observing that once a victim has recovered "the full amount of her losses from one defendant, she can no longer recover from any other" (internal quotation marks and citation omitted)).